UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DERRICK WILSON,

            Plaintiff,

        -v-                        5:20-CV-1489

COUNTY OF ONONDAGA *et al.*,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

DERRICK WILSON
Plaintiff, Pro Se
21481-052
Yazoo City Medium
FEDERAL CORRECTIONAL
   INSTITUTION
Inmate Mail/Parcels
P.O. Box 5000
Yazoo City, MS 39194

ONONDAGA COUNTY               JOHN E. HEISLER, JR., ESQ.
   DEPARTMENT OF LAW
Attorneys for Defendants County of
   Onondaga, Kathleen Corrado,
   Justine Kreso, and Matthew
   Kurimsky

DAVID N. HURD
United States District Judge

- 2 -

## ORDER ON REPORT & RECOMMENDATION

On December 4, 2020, *pro se* plaintiff Derrick Wilson ("plaintiff") filed this 42 U.S.C. § 1983 action against various law enforcement officials as well as Onondaga County and the City of Syracuse alleging that defendants engaged in a seventeen-year-long conspiracy to fabricate evidence and frame him for murder. Dkt. No. 1. Plaintiff also sought leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On April 21, 2021, following an initial review of the pleading, U.S. Magistrate Judge Thérèse Wiley Dancks granted plaintiff's IFP Application and advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed in part. Dkt. No. 10. This Court adopted the R&R over plaintiff's objections on December 16, 2021. Dkt. No. 15.

As a result of the December 16, 2021 Order, (1) plaintiff's complaint was dismissed in its entirety against defendants Fitzpatrick, Dougherty, Doran, Ferrante, and Freedman; (2) plaintiff's § 1983 fabrication-of-evidence claim against defendants Proud, Lundborg, Nolan, Babbage, Collins, Galineu, Gossin, Kittel, Hilton, Quatrone, Corrado, Kreso, and Kurimsky survived initial review and required a response; and (3) plaintiff's complaint was

otherwise dismissed with leave to amend for failure to state a claim for relief.[1]  Dkt. No. 15.

On January 31, 2022, plaintiff filed an amended complaint that reasserts the same claims against the same defendants and sets forth a set of factual allegations "virtually identical" to the original pleading.  Dkt. No. 25.  As before, the amended complaint alleges that all of the named defendants conspired to fabricate evidence and frame plaintiff for murder.  *Id*.  Notably, however, the amended complaint adds a "supervisory liability" claim.  *Id*.

On April 21, 2022, Judge Dancks conducted an initial review of plaintiff's amended complaint and advised by R&R that (1) plaintiff's amended complaint be dismissed with prejudice against defendants Fitzpatrick, Dougherty, Doran, Ferrante, and Freedman; (2) plaintiff's § 1983 fabrication-of-evidence claim against defendants Proud, Lundborg, Nolan, Babbage, Collins, Galineu, Gossin, Kittel, Hilton, Quatrone, Corrado, Kreso, and Kurimsky survive initial review and require a response; (3) the remainder of plaintiff's amended complaint be dismissed without leave to further amend; and (4) defendants County of Onondaga, City of Syracuse, Joseph Cominolli, and Does 1-100 be terminated as defendants.  Dkt. No. 31.

---

[1] Defendants Corrado, Kreso, and Kurimsky answered the complaint.  Dkt. No. 23.

Plaintiff has filed objections. Dkt. No. 36. First, plaintiff contends Judge Dancks erred in dismissing his claims against the prosecutor–defendants. *Id*. This argument must be rejected. As Judge Dancks noted, plaintiff reasserted his § 1983 claims against defendants Fitzpatrick, Dougherty, Doran, Ferrante, and Freedman even though he had not been granted leave to amend these claims. Although plaintiff argues in his objection that he has "reasonably alleged" that certain conduct was "investigatory" in nature (and therefore not subject to absolute immunity), Judge Dancks correctly reasoned that plaintiff's factual allegations involved actions by these defendants that were "quintessentially prosecutorial in nature."

Plaintiff's other objections to the R&R fare no better. Plaintiff challenges the dismissal of his conspiracy, municipal liability, and supervisory liability causes of action. But there is no error in Judge Dancks's analysis of these repleaded claims. In short, upon *de novo* review of the portions to which plaintiff has objected, the R&R will be accepted and adopted in all respects. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Plaintiff's amended complaint is DISMISSED WITH PREJUDICE against defendants Fitzpatrick, Dougherty, Doran, Ferrante, and Freedman;

3.  Plaintiff's § 1983 fabrication-of-evidence-claim against defendants Proud, Lundborg, Nolan, Babbage, Collins, Galineu, Gossin, Kittel, Hilton, Quatrone, Corrado, Kreso, and Kurimsky in their individual capacities SURVIVES INITIAL REVIEW and requires a response;

4.  Plaintiff's amended complaint is otherwise DISMISSED WITHOUT FURTHER LEAVE TO AMEND;

5.  The Clerk of the Court is directed to TERMINATE defendants County of Onondaga, City of Syracuse, Joseph Cominolli, and Does 1-100;

6.  The Clerk of the Court is instructed to re-issue summonses as to Proud, Lundborg, Nolan, Babbage, Collins, Galineu, Gossin, Kittel, Hilton, and Quatrone;

7.  A response to the amended complaint shall be filed by Proud, Lundborg, Nolan, Babbage, Collins, Galineu, Gossin, Kittel, Hilton, and Quatrone, and/or their counsel, as provided for in the Federal Rules of Civil Procedure; and

8.  A response to the amended complaint shall be filed by defendants Corrado, Kreso, and Kurimsky within twenty-one days of the date of this Order.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: July 26, 2022
        Utica, New York.