UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
DEC 27 2023
AT_____ O'CLOCK
John M. Domurad, Clerk - Syracuse

---

DERRICK WILSON,

    Plaintiff,

-v-

DON HILTON, KATHLEEN CORRADO, JUSTINE KRESO, and MATTHEW KURIMSKY,

    Defendants.

---

Case No. 5:20-cv-01489

MOTION FOR RECONSIDERATION

HON. DAVID N. HURD
United States District Judge

APPEARANCES:

DERRICK WILSON, 21481-052
Plaintiff, Pro Se
Yazoo City Medium
Federal Correctional Institution
Inmate Mail / Parcels
P.O. Box 5000
Yazoo City, MS 39194

**TODD M. LONG, ESQ.**
**GREGORY P. FAIR, ESQ.**

CITY OF SYRACUSE
LAW DEPARTMENT
**Attorneys for Dismissed Defendants:**

David Proud, Christopher Lundborg, John Nolan, Daniel Babbage, Randy Collins, Timothy Galanaugh, William Kittel, Mary Ellen Gossin, and James Quatrone

233 East Washington Street
300 City Hall
Syracuse, NY 13202


**JOHN E. HEISLER, JR., ESQ.**

ONONDAGA COUNTY
DEPARTMENT OF LAW

**Attorney for Defendants:**
Don Hilton, Justine Kreso,

Kathleen Corrado, and

Matthew Kurimsky
John H. Mulroy Civic Center
421 Montgomery Street, 10th Floor
Syracuse, NY 13202


DAVID N. HURD
United States District Judge

## Motion for Reconsideration

In light of the Second Circuit's edifying decision in, 68 F.4th 123 (2023), there has been an intervening change in controlling law in this Circuit, regarding the fifth element of a 42 U.S.C. § 1983 fabricated evidence claim. *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009)("A court's reconsideration of its own earlier decision in a case may, however, be justified in compelling circumstances, consisting principally of (1) an intervening change in controlling law, (2) new evidence, or (3) the need to correct a clear error or to prevent manifest injustice"). And it should be duly noted that *Barnes, supra*, was decided on May 22, 2023, after the District Court's Order in this matter.

On February 3, 2023, the District Court dismissed Plaintiff's fabrication of evidence claim against defendants' Proud, Lundborg, Nolan, Babbage, Collins, Galanaugh, Gossin, Kittel, and Quatrone (the "City defendants"), pursuant to Fed. R. Civ. P. 12(b)(6). (See Dkt. No. 54)

The District Court held, "Upon review, Wilson's § 1983 claim must be dismissed because he cannot satisfy the fifth element of this claim, which requires a plaintiff to establish a 'deprivation of liberty consistent with the concept of seizure.'" (Dkt. No. 54 at 14); "Wilson was arrested on federal drug charges before being charged with Mr. Hamer's murder, remained in custody on the federal drug charges during the state court murder trial, and was still in custody on the federal charges even after his acquittal for

Mr. Hamer's murder. He remains in custody today.

As in *Poulos*,[1] plaintiff cannot allege the deprivation of liberty interest related to the state court proceedings." (Dkt. No. 54 at 16). The District Court further reasoned that the "Second Circuit has affirmed this basic line of reasoning on at least two separate occasions" in *Walker v. Sankhi*, 494 Fed. Appx. 140, 143 (2d Cir. 2012) and *Arnold v. Geary*, 582 Fed. Appx. 42, 43 (2d Cir. 2014).(Dkt. No. 54 at 17). Pursuant to *Barnes*, the District Court's holding is erroneous.

In *Barnes*, the plaintiff Timothy Barnes, was arrested for criminal sale of a controlled substance and criminal possession of a controlled substance. *Barnes* proceeded to trial on both counts. The defendant police officers testified at trial, including to the alleged [false] drug exchange. A jury acquitted *Barnes* of the drug sale but found him guilty of drug possession, and he was sentenced principally to fifteen years imprisonment.

*Barnes* filed a §1983 suit alleging police officers falsely claim they observed him selling a controlled substance and that they conveyed these false statements to prosecutors, resulting in *Barnes'* prosecution. Defendants moved for judgment on the pleadings under Fed. R. Civ. P. 12(c).

---

[1] *Poulos v. County of Warren*, 2021 WL4307508 (N.D.N.Y 2021)

The District Court granted the Defendants' motion, on the basis that "*Barnes* failed to plausibly allege that the officers knowingly made false statements and that the officers' statements, even if knowingly fabricated, had caused a deprivation of liberty-again because *Barnes* 'would have been held in the same place for the same amount of time' on the account of his charge and conviction of drug possession." *Barnes, supra* at 2023 U.S. App. LEXIS 6.

Based on these circumstances, which are strikingly akin to Plaintiff's in the instant matter, the Second Circuit held, the District Court's rationale was error. Specifically, the Second Circuit illuminated, "First, it bears emphasizing that fabricated evidence and malicious prosecution claims address different rights. While fabricated evidence claims allege violations of the right to due process under the Fifth and Fourteenth Amendments, malicious prosecution claims essentially allege violations of the Fourth Amendment right to be free from unreasonable seizure. As a result, the claims have different standards. See, *Smalls v. Collins*, 10 F.4th 117, 132-33 (2d Cir. 2021)". (*Barnes, supra*, at U.S. App. LEXIS 12-13)

Second, the panel in *Barnes* imparted, "to insist that a deprivation of liberty requires custody, or a conviction overlooks the fact *Barnes'* prosecution on the drug sale charge is itself a deprivation of liberty. For fabricated evidence claims based on due process, we have previously recognized that a plaintiff's

'prosecution' can be a deprivation of liberty" (*Barnes, supra*, at U.S. App. LEXIS 13)(citing Ashley v. City of New York, 992 F.3d 128, 139. Moreover, "In sum, *Barnes's* claim of fabricated evidence seeks redress for an unfair prosecution and fair trial in violation of his right to due process, and he has sufficiently pleaded the elements of this claim." (*Barnes, supra*, at U.S. App. LEXIS 18)

In the instant matter, Plaintiff affirms that "City defendants" fabricated evidence, that was likely to influence the jury's decision, forwarded that information to prosecutors, and used that false evidence against the Plaintiff in a criminal trial. See, *Ricciuti v. City of New York Transit Auth.*, 124 F.3d 123, 130 (2d Cir.1997) And, "that even if the simultaneous [federal drug prosecution] of which [Wilson] was convicted provided a lawful basis for some of the deprivation [Wilson] suffered, it would not sever the casual link between the fabricated evidence and those same deprivations, as well as others, that [Wilson] suffered as a result of the [state homicide prosecution]." (*Barnes, supra*, at U.S. App. LEXIS 16)

Additionally, the District Court can reconsider its earlier decision "to correct a clear error." (*Carr, supra*, at 102) The Second Circuit struck down the District Court reasoning, which was identical to the dissent in *Barnes*, that Plaintiff could not plausibly allege the deprivation of liberty interest traceable to the state homicide prosecution because Plaintiff was already in custody for the federal drug prosecution-and still remains in custody. In

*Barnes*, the Second Circuit held the dissents argument that, "because '*Barnes* would have been held in the same place for the same amount of time' even without the fabricated evidence charge...his claim must fail given that he alleges no 'additional' liberty deprivation traceable to the fabricated evidence...that he would not have already suffered based on the possession charge alone...Contrary to the dissent's suggestions, that is not the law of this Circuit." (*Barnes, supra*, at U.S. App. LEXIS at 15-16)

Respectfully, in the interest of fairness and judicial economy, and in accordance with Fed. R. Civ. P. 54(b), Plaintiff requests for this Court to reinstate the "City Defendants" as defendants in the instant §1983 civil action.

Date: December 20, 2023

With Fortitude,

/s/ *Derrick Wilson*

Derrick Wilson, #21481-052
Pro Se
Federal Correctional Complex
P.O. Box 5000
Yazoo City, MS 39194

# CERTIFICATE OF SERVICE OF DOCUMENT OTHER THAN COMPLAINT

*\* You must serve each document you file by sending or delivering to the opposing side. Complete this form, and include it with the document that you file and serve.\**

1. **Case Name:** DERRICK WILSON v. HILTON et. al.

2. **Case Number:** 5:20-cv-01489-DNH-TWD

3. **What documents were served?** *[Write the full name or title of the document or documents]* MOTION FOR RECONSIDERATION

4. **How was the document served?** *[check one]*

   [✓] Placed in U.S. Mail
   [ ] Hand-delivered
   [ ] Sent for delivery (e.g., FedEx, UPS)
   [ ] Sent by fax (if the other party has agreed to accept service by fax)

5. **Who did you send the document to?** *[Write the full name and contact information for each person you sent the document.]*

   Clerk of the Court

   Attn: Clerk of the Court
   Northern District of New York-Courthouse
   100 S. Clinton St.
   Syracuse, NY 13202

6. **When were the documents sent?** 12-21-2023

7. **Who served the documents?** *[Whoever puts it into the mail, faxes, delivers or sends for delivery should sign, and print their name and address. You can do this yourself.]*

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

   Signature: *Sabra Malika*

   Name: Sabra Malika on behalf of Derrick Wilson, Pro Se

   Address: 475 Gate 5 Road, #211

   Sausalito, CA 94965

**CERTIFICATE OF SERVICE** *[JDC TEMPLATE Rev. 05/2017]*

# CERTIFICATE OF SERVICE OF DOCUMENT OTHER THAN COMPLAINT

*\* You must serve each document you file by sending or delivering to the opposing side. Complete this form, and include it with the document that you file and serve.\**

1. **Case Name:** DERRICK WILSON  v.  HILTON et. al.

2. **Case Number:** 5:20-cv-01489-DNH-TWD

3. **What documents were served?** *[Write the full name or title of the document or documents]* MOTION FOR RECONSIDERATION

4. **How was the document served?** *[check one]*

   [✓] Placed in U.S. Mail

   [ ] Hand-delivered

   [ ] Sent for delivery (e.g., FedEx, UPS)

   [ ] Sent by fax (if the other party has agreed to accept service by fax)

5. **Who did you send the document to?** *[Write the full name and contact information for each person you sent the document.]*

   | | |
   |---|---|
   | Todd M. Long, Esq., Gregory P. Fair, Esq. | Todd M. Long, Esq., Gregory P. Fair, Esq. |
   | on behalf of all dismissed Defendants: | City of Syracuse, Law Dept |
   | Proud, Lundborg, Nolan, Kittel, Babbage, | 233 East Washington Street, 300 City Hall |
   | Collins, Galanaugh, Gossin, Quatrone | Syracuse, NY 13202 |

6. **When were the documents sent?** 12-21-2023

7. **Who served the documents?** *[Whoever puts it into the mail, faxes, delivers or sends for delivery should sign, and print their name and address. You can do this yourself.]*

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

   Signature: *Sabra Malika*

   Name: Sabra Malika on behalf of Derrick Wilson, Pro Se

   Address: 475 Gate 5 Road, #211

   Sausalito, CA 94965

**CERTIFICATE OF SERVICE** *[JDC TEMPLATE Rev. 05/2017]*

**CERTIFICATE OF SERVICE OF DOCUMENT OTHER THAN COMPLAINT**

*\* You must serve each document you file by sending or delivering to the opposing side. Complete this form, and include it with the document that you file and serve.\**

1. **Case Name:** DERRICK WILSON v. HILTON et. al.

2. **Case Number:** 5:20-cv-01489-DNH-TWD

3. **What documents were served?** *[Write the full name or title of the document or documents]* MOTION FOR RECONSIDERATION

4. **How was the document served?** *[check one]*
   - [✓] Placed in U.S. Mail
   - [ ] Hand-delivered
   - [ ] Sent for delivery (e.g., FedEx, UPS)
   - [ ] Sent by fax (if the other party has agreed to accept service by fax)

5. **Who did you send the document to?** *[Write the full name and contact information for each person you sent the document.]*

   | | |
   |---|---|
   | JOHN E. HEISLER, JR., ESQ. | c/o JOHN E. HEISLER, JR., ESQ. |
   | on behalf of all 4 served Defendants: | ONONDAGA COUNTY, Dept of Law |
   | Kathleen Corrado, Justine Kreso | 421 Montgomery Street, 10th Floor |
   | Matthew Kurmisky, Don Hilton | Syracuse, NY 13202 |

6. **When were the documents sent?** 12-21-2023

7. **Who served the documents?** *[Whoever puts it into the mail, faxes, delivers or sends for delivery should sign, and print their name and address. You can do this yourself.]*

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

   Signature: *Sabra Malika*

   Name: Sabra Malika on behalf of Derrick Wilson, Pro Se

   Address: 475 Gate 5 Road, #211

   Sausalito, CA 94965

**CERTIFICATE OF SERVICE** *[JDC TEMPLATE Rev. 05/2017]*

DERRICK WILSON, 21481-052
Plaintiff, Pro Se
Yazoo City
Federal Correctional Institution
P.O. Box 5000
Yazoo City, MS 39194




Retail

U.S. POSTAGE PAID
FCM LG ENV
VALLEJO, CA 94590
DEC 21, 2023
$1.83

13261

RDC 99                              R2303S103251-11

**ATTN: Clerk of the Court**

US District Court
Northern District of New York
James M. Hanley Federal Building
& U.S. Courthouse
**100 S. Clinton St.
Syracuse, NY 13261**