UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DERRICK WILSON,

                 Plaintiff,

            -v-               5:20-CV-1489

DON HILTON, KATHLEEN
CORRADO, JUSTINE KRESO,
and MATTHEW KURIMSKY,

                Defendants.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                OF COUNSEL:

DERRICK WILSON
Plaintiff, Pro Se
21481-052
FTC Oklahoma City
Inmate Mail/Parcels
P.O. Box 88801
Oklahoma City, OK 73189

CITY OF SYRACUSE          TODD M. LONG, ESQ.
   LAW DEPARTMENT       CONNOR J. SIMONETTA, ESQ.
Attorneys for City Defendants
233 East Washington Street
Syracuse, NY 13202

ONONDAGA COUNTY       JOHN E. HEISLER, JR., ESQ.
   DEPARTMENT OF LAW
Attorneys for County Defendants
421 Montgomery Street, 10th Floor
Syracuse, NY 13202

---

[1] This iteration of the caption only names the defendants who currently remain in the suit.

DAVID N. HURD
United States District Judge

### DECISION and ORDER

## I. INTRODUCTION

On December 4, 2020, *pro se* plaintiff Derrick Wilson ("plaintiff") filed this 42 U.S.C. § 1983 action against Onondaga County (the "County"), the City of Syracuse (the "City"), eighteen current or former law enforcement officials, then-Assistant U.S. Attorney Carla Freedman ("AUSA Freedman"), firearms analyst Joseph Cominolli ("Firearms Analyst Cominolli"), and 100 John Does.

Plaintiff's complaint alleged that this laundry list of defendants engaged in a conspiracy to fabricate evidence eventually used to try to frame him for the cold-case murder of a man named Waliek Hamer, who was shot to death on April 23, 2000. Dkt. No. 1. Along with his initial complaint, plaintiff sought leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On April 21, 2021, U.S. Magistrate Judge Thérèse Wiley Dancks granted plaintiff's IFP Application, reviewed plaintiff's initial complaint, and advised by Report & Recommendation ("R&R") that the complaint be dismissed in substantial part. Dkt. No. 10. That R&R was later adopted over plaintiff's objections on December 16, 2021. Dkt. No. 15; *Wilson v. County of Onondaga*, 2021 WL 5967130 (N.D.N.Y.).

As a result of the December 16 Order, plaintiff's initial complaint was dismissed against County District Attorney ("DA") William J. Fitzpatrick ("DA Fitzpatrick"), County Assistant District Attorney ("ADA") Stephen Dougherty ("ADA Dougherty"), ADA Matthew Doran ("ADA Doran"), ADA Michael Ferrante ("ADA Ferrante"), and AUSA Freedman.  Dkt. No. 15.

However, the Order concluded that plaintiff's § 1983 fabrication-of-evidence claim survived initial review and required a response from City Police Sergeant David Proud ("Sergeant Proud"), Officer Christopher Lundborg ("Officer Lundborg"), Detective John Nolan ("Detective Nolan"), Detective Daniel Babbage ("Detective Babbage"), Detective Randy Collins ("Detective Collins"), Detective Timothy Galanaugh ("Detective Galanaugh"), Detective Mary Ellin Gossin ("Detective Gossin"), Detective William Kittel ("Detective Kittel"), DA Investigator Don Hilton ("Investigator Hilton"), DA Investigator James Quatrone ("Investigator Quatrone"), County Laboratory Director Kathleen Corrado ("Lab Director Corrado"), Forensic Analyst Justine Kreso ("Forensic Analyst Kreso"), and Forensic Analyst Matthew Kurimsky ("Forensic Analyst Kurimsky").  Dkt. No. 15.

The December 16 Order dismissed the rest of plaintiff's complaint without prejudice and gave him an opportunity to amend.[2]  Dkt. No. 15.  Thereafter,

---

[2] Lab Director Corrado, Forensic Analyst Kreso, and Forensic Analyst Kurimsky answered plaintiff's initial complaint.  Dkt. No. 23.  But that answer was mooted when plaintiff filed his amended pleading.  *See* Dkt. No. 37.

plaintiff filed an amended complaint.  Dkt. No. 25.  But plaintiff's amended pleading reasserted all of the same claims against all of the same defendants and alleged the same facts that were set forth in his original pleading.  *Id*.

On April 21, 2022, Judge Dancks reviewed plaintiff's amended complaint and advised by R&R that this new pleading should again be dismissed—this time *with* prejudice—against DA Fitzpatrick, ADA Dougherty, ADA Doran, ADA Ferrante, and AUSA Freedman.  Dkt. No. 31.

Judge Dancks also advised that plaintiff's § 1983 fabrication-of-evidence claim should again survive review as to Sergeant Proud, Officer Lundborg, Detective Nolan, Detective Babbage, Detective Collins, Detective Galanaugh, Detective Gossin, Detective Kittel, Investigator Hilton, Investigator Quatrone, Lab Director Corrado, Forensic Analyst Kreso, and Forensic Analyst Kurimsky.  Dkt. No. 31.

Finally, Judge Dancks advised that the remainder of plaintiff's amended complaint should be dismissed *without* leave to further amend.  Dkt. No. 31. Consistent with that conclusion, Judge Dancks advised that the City, the County, Firearms Analyst Cominolli, and the Does should be terminated as defendants.  *Id*.  This second R&R was adopted over plaintiff's objections on July 27, 2022.  Dkt. No. 37; *Wilson v. County of Onondaga*, 2022 WL 2965584 (N.D.N.Y.).

As a result of the July 27 Order, two groups of defendants were required to respond to plaintiff's § 1983 fabrication-of-evidence claim: <u>first</u>, Sergeant Proud, Officer Lundborg, Detective Nolan, Detective Babbage, Detective Collins, Detective Galanaugh, Detective Gossin, Detective Kittel, and Investigator Quatrone (the "City defendants"); and <u>second</u>, Investigator Hilton, Lab Director Corrado, Forensic Analyst Kreso, and Forensic Analyst Kurimsky (the "County defendants").

The County defendants answered the remaining § 1983 claim in plaintiff's amended complaint. Dkt. No. 39 (joining issue on behalf of Corrado, Kreso, and Kurimsky); Dkt. No. 45 (joining issue on behalf of Hilton).[3]  But the City defendants moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the § 1983 claim as against them. Dkt. No. 48. The motion was fully briefed, Dkt. Nos. 51–52, and then granted on February 3, 2023.[4] Dkt. No. 54; *Wilson v. County of Onondaga*, 2023 WL 9507340 (N.D.N.Y.).

Plaintiff has moved for reconsideration. Dkt. No. 59. The City defendants have opposed. Dkt. No. 68. The motion will be decided on the basis of the submissions without oral argument.

---

[3]  The amended complaint alleges that Investigator Quatrone and Investigator Hilton were working for both the City Police *and* the County DA at the time of the alleged misconduct. Am. Compl. ¶¶ 23–24. Notably, though, only Investigator Quatrone has been included in the City defendants' motion to dismiss. Dkt. No. 48-1.

[4]  Plaintiff took an appeal from the February 3, 2023 Order, Dkt. No. 55, but it was later dismissed on jurisdictional grounds, Dkt. No. 57.

## II. __DISCUSSION__

As an initial matter, plaintiff is *pro se*.  So his filings must be held to less stringent standards.  *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012).  As the Second Circuit has repeatedly warned, documents filed *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that [they] suggest[ ]."  *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

Plaintiff has moved for reconsideration of the February 3, 2023 Order, which dismissed the § 1983 fabrication-of-evidence claim against the City defendants.  Dkt. No. 59.  In plaintiff's view, the Second Circuit's May 22, 2023 decision in *Barnes v. City of New York*, 68 F.4th 123 (2d Cir.) represents an intervening change in the controlling law for this § 1983 claim.  *Id.*

Under this District's Local Rules, "a party may file and serve a motion for reconsideration or reargument no later than fourteen days after the entry of the challenged judgment, order, or decree."  N.D.N.Y. L.R. 60.1.  "A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice."  *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, J.) (citing *Doe v. N.Y. City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

These are demanding requirements.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).  Accordingly, a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*, 70 F.3d at 257.

As an initial matter, however, plaintiff's motion is untimely.  Under our Local Rules, a movant must seek reconsideration promptly; *i.e.*, within fourteen days of the challenged order.  N.D.N.Y. L.R. 60.1.  As the City defendants point out, ten months have elapsed since the February 3, 2023 Order was entered.  So the motion is untimely when measured that way.

However, plaintiff claims that there has been an intervening change in the law.  So a better way to measure this deadline would actually be from the date on which that alleged change in the law came about; *i.e.*, the date on which the *Barnes* decision was issued by the Circuit.  That happened on May 22, 2023.  But this motion was not filed until December 27, 2023, about seven months later.  So even on that calculation, the motion is untimely.

Even so, the untimeliness must be excused under the circumstances.  By way of quick review, plaintiff and twelve other men were arrested on federal drug charges on June 18, 2014.  *See* Am. Compl. ¶ 2; *United States v. Wilson et al.*, 5:14-CR-273.  While plaintiff was being held on those federal charges, local authorities charged him in state court with the cold-case shooting death of Waliek Hamer.  Am. Compl. ¶ 3.

Plaintiff's § 1983 claim alleged that the City defendants (and the County defendants) denied him his right to a fair trial by fabricating certain evidence that was used to charge and prosecute him for Mr. Hamer's death.  Plaintiff, acting *pro se*, actually beat this murder charge in state court: a jury acquitted him on December 5, 2017.  Am. Compl. ¶ 3.

But plaintiff did not avoid the long arm of the federal government.  By the time he went to trial on the state murder charge, a federal jury had already convicted him of a drug conspiracy.  14-CR-273 at Dkt. No. 324.  Plaintiff was in federal custody before, during, and after the state-court proceedings on the murder charge.  In fact, plaintiff is still in federal custody: the Bureau of Prison's Inmate Lookup Tool confirms it (BOP Register Number 21481-052).

The February 3, 2023 Order concluded that plaintiff could not maintain a § 1983 fair trial / fabricated-evidence claim on these facts.  As the Order explained, in order to state a fabricated-evidence claim plaintiff needed to plausibly allege that: (1) an investigating official; (2) fabricated information;

(3) that was likely to influence a jury's verdict; (4) forwarded that information to prosecutors; and (5) he suffered a deprivation of life, liberty, or property as a result. *Wilson*, 2023 WL 9507340, at \*5 (citing *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016)).

The problem for plaintiff was that he could not show the fifth element of this claim; *i.e.*, he could not demonstrate a causal relationship between the allegedly falsified evidence in the state-court proceeding and a deprivation of his liberty interest.[5] This was so, the February 3 Order explained, because plaintiff had already been arrested on the federal drug charges and held in custody before, during, and after the state-court proceedings.

Plaintiff's motion for reconsideration argues that the Second Circuit's opinion in *Barnes v. City of New York* changes the way this element of his fabricated-evidence claim works. In plaintiff's view, *Barnes* stands for the proposition that his separate federal prosecution does not sever the causal link between the state-court case and the deprivation of his liberty interest.

In *Barnes*, the *pro se* plaintiff was arrested for possessing some drugs. 65 F.4th at 125. But the officers falsely claimed to have seen him selling some drugs, too. *Id*. The plaintiff was charged in state court with drug sale and

---

[5] The City defendants limited themselves to this argument in their motion to dismiss. Dkt. No. 48-1.

drug possession. *Id.* After a trial at which the officers testified, the jury acquitted plaintiff of selling drugs but convicted him of possessing them. *Id.*

Thereafter, the plaintiff filed a § 1983 action against the officers alleging, *inter alia*, that they'd violated his fair-trial rights by fabricating some of the evidence against him; *i.e.*, by falsely testifying they saw him selling the drugs instead of just possessing them. *Barnes*, 68 F.4th at 127. The officers moved for a judgment on the pleadings, which the trial court granted. *Id.*

As relevant here, the trial court concluded that the plaintiff could not allege a deprivation of his liberty traceable to any fabricated evidence on the drug-sale charge because he "would have been held in the same place for the same amount of time" as a result of the drug possession charge for which a jury later voted to convict him. *Barnes*, 68 F.4th at 127

A divided panel of the Second Circuit vacated the trial court's dismissal of this § 1983 fabricated-evidence claim. *Barnes*, 68 F.4th at 128. According to the majority opinion, the plaintiff's "fabricated-evidence claim sound[ed] in the Due Process Clause" and therefore it was "not defeated by the fact that [he] was also in custody for, convicted of, and sentenced on the drug possession charge." *Id.* As the majority opinion explained, "[t]he use of fabricated evidence in initiating a prosecution or at trial may amount to a deprivation of liberty even in the absence of a conviction based on the

fabricated evidence and even when, as here, a plaintiff simultaneously was charged, detained, tried, and convicted for a separate offense." *Id*. at 129–30.

Judge Sullivan dissented.  He argued that plaintiff could not plausibly allege a deprivation of his liberty interest because he was "simultaneously prosecuted, detained, tried, and convicted of [ ] drug possession."  68 F.4th at 134.  Although Judge Sullivan recognized that probable cause is not a defense to this claim, he emphasized that the decisional law in this area "repeatedly reiterated the principle that the fabricated evidence still must be causally linked to 'some' deprivation of life, liberty, or property." *Id*. at 135.

Judge Sullivan's dissent claimed that the majority's analysis seemed like "an unfounded extension of the law of this Circuit that goes well beyond the constitutional right vindicated by a fair-trial claim."  68 F.4th at 139.  But the *Barnes* majority insisted that it wasn't breaking any new ground.

So there is a narrow way and a broad way to look at *Barnes*.  Broadly, the case stands for the proposition that the fact of a *prosecution* is a qualifying liberty deprivation for the purposes of plausibly alleging the fifth element of a § 1983 fabricated-evidence claim.  *Barnes*, 68 F.4th at 130 (identifying fact of the prosecution as a sufficiently "liberty-depriving" occurrence).  Narrowly, however, *Barnes* just applies the existing body of § 1983 fabricated-evidence law to a "multi-count prosecution" that ended in a conviction on one count and an acquittal on the other.

The narrow reading does not help plaintiff.  But the broad reading would mean that plaintiff has plausibly alleged this kind of § 1983 claim.  After all, local authorities charged him with the murder, which he defended all the way to a state-court jury trial.  Plaintiff was forced to participate in a series of state-court judicial proceedings where he was exposed to the possibility of separate state-law criminal liability.  Under a broad reading of *Barnes*, those events were sufficiently "liberty-depriving" to satisfy the demands of the Due Process Clause and plausibly allege the fifth element of this claim.

## III.  <u>CONCLUSION</u>

Therefore, it is

ORDERED that

1.  Plaintiff's motion for reconsideration (Dkt. No. 59) is GRANTED;

2.  Plaintiff's § 1983 fabricated-evidence claim is REINSTATED against defendants Proud, Lundborg, Nolan, Babbage, Collins, Galanaugh, Gossin, Kittel, and Quatrone; and

3.  The City defendants shall have fourteen days in which to file and serve an answer to plaintiff's § 1983 fabricated-evidence claim.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  February 8, 2024
         Utica, New York.